**NOT FOR PUBLICATION**

```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY


MICHAEL HOLNESS,              :
                              :   Civil Action No. 05-4184 (JBS)
           Plaintiff,         :
                              :
        v.                    :       OPINION
                              :
J. WILSON, # 143,             :
                              :
           Defendant.         :
```

**APPEARANCES:**

> MICHAEL HOLNESS, Plaintiff pro se
> # 140335
> Camden County Correctional Facility
> P.O. Box 90431
> Camden, New Jersey 08101

**SIMANDLE**, District Judge

Plaintiff Michael Holness ("Holness"), a state pre-trial detainee currently confined at the Camden County Correctional Facility in Camden, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983,[1] alleging violations of his constitutional rights. Based on his affidavit of indigence and the current absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's

---

[1] In his Complaint, Holness asserts jurisdiction under Bivens v. Six Unknown Fed. Agent Bureau of Narcotics, 403 U.S. 388 (1971), but his claims are against a state actor, therefore, jurisdiction of his civil rights claim is more appropriately based on 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

## I.   BACKGROUND

In his Complaint, Holness alleges that, on June 17, 2004, defendant, Patrolman J. Wilson, Badge No. 143, of the Pennsauken Police Department, tricked plaintiff into signing a consent to search his property.  Holness claims he was under pressure of the police who had their guns drawn on him at the time.  He asserts a claim of false arrest in violation of his constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendment.

Holness seeks a dismissal of his state criminal charges, to be released from jail, and to be paid $2,500 in restitution for each day he is incarcerated.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),

requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[2]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

---

[2] Plaintiff should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  Holness has filed two lawsuits that have been dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  See Holness v. Sarubbi, Civil No. 05-4240 (JBS) and Holness v. Wheeler, Civil No. 05-4241 (JBS).  Therefore, he has incurred two strikes at this time.

need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103,

108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Holness brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  Here, there is no question that the named defendant, Ptl. Wilson, a Pennsauken police officer in the State of New Jersey, is a state actor.

### IV.   ANALYSIS

5

It appears from the Complaint that Holness is alleging a claim of false arrest with respect to the incident of June 17, 2004. It is well established in the Third Circuit that an arrest without probable cause is a constitutional violation actionable under § 1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures). To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). Thus, a defense to an unlawful arrest claim is that the police officer defendants acted with probable cause. Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997)(a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause); Groman, 47 F.3d at 636 ("an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment"). To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed."

Lind v. Schmid, 67 N.J. 255, 262 (1975).³  "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995).  Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense."  Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (*quoting* Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).⁴

Here, Holness admits that he was arrested by defendants after he consented to a search of his property.  He does not allege any facts concerning the circumstances that brought the police to his property with their guns drawn.  He only states that his consent was by fraud because Ptl. Wilson tricked him into searching the property.  Moreover, with respect to the other complaints filed by Holness in this district court, it is apparent that Holness

---

³ A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest. See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989).  In this instance, Holness' arrest occurred on June 17, 2004; therefore, a § 1983 claim for false arrest accrued on that date, making this action timely.

⁴ A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983.  Gatter v. Zappile, 67 F. Supp. 2d 515, 519 (E.D.Pa. 1999), aff'd, 225 F.3d 648 (3d Cir. 2000).

was indicted and is in ongoing state criminal proceedings.  Thus, under these facts, probable cause for the arrest is demonstrated and Holness' claim for false arrest must be dismissed for failure to state a claim.

To the extent that Holness is asserting that the consent to search was unlawful, he must first raise this defense in his ongoing state criminal proceedings.  Holness has not been convicted of the crimes for which he was indicted by the grand jury.  Thus, his criminal charges remain pending in state court, and he must raise any constitutional challenges asserted here in his criminal case.  A federal court will not now intercede to consider issues that plaintiff has an opportunity to raise before the state court.  See Younger v. Harris, 401 U.S. 37 (1971).  It is not generally the role of the federal courts to interfere in pending state criminal cases.  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are
> judicial in nature;  (2) the state proceedings
> implicate important state interests;  and (3) the state
> proceedings afford an adequate opportunity to raise
> federal claims.  Whenever all three of these
> requirements are satisfied, abstention is appropriate
> absent a showing of bad faith prosecution, harassment,
> or a patently unconstitutional rule that will cause
> irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992)

(citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)).  In this case, it is clear that state proceedings implicating important state interests are ongoing, and that Holness has an opportunity to raise his claims in a hearing during that proceeding.  Therefore, because Holness has not yet been convicted, this Court is constrained by Younger to dismiss the Complaint in its entirety, without prejudice, as against defendant Wilson for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Moreover, if Holness has been convicted of the charges for which he was indicted, he cannot seek damages under § 1983 if this Court's adjudication would call into question the validity of his criminal conviction, unless his conviction first has been overturned on appeal or in state or federal collateral proceedings.  See Heck v. Humphrey, 512 U.S. 477 (1994).

Holness' claim for damages based on the actions of defendant Ptl. Wilson is not cognizable under § 1983.  In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages

> bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted).  Accordingly, if a district court determines that a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Id. at 487.

However, the Supreme Court further instructed that, if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.  Id.

Here, taken collectively, Holness' claims of search and arrest without probable cause present the type of claim addressed in Heck; that is, a finding that Holness' conviction was procured by unconstitutional means would necessarily imply the invalidity of his conviction.  Accordingly, Holness' claim against Ptl. Wilson is not cognizable under § 1983 until he can show that his conviction has been reversed on direct appeal, expunged, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  See id. at 486-87. Therefore, Holness' claim seeking monetary relief under 28 U.S.C.

10

§ 1983 will be dismissed, without prejudice,[5] for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## V.  CONCLUSION

For the reasons set forth above, the Complaint must be dismissed in its entirety, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order follows.

s/ Jerome B. Simandle
JEROME B. SIMANDLE
United States District Judge

Dated:  **February 21, 2006**

---

[5] The Supreme Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck, 512 U.S. at 489-90. See also Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005). In Gibson, the Third Circuit noted that, under Heck, a district court is required only to make a threshold determination as to whether a plaintiff's § 1983 claim, if successful, would have the hypothetical effect of rendering the criminal conviction invalid. If this threshold is met, the district court's analysis ends and the Heck deferred accrual is triggered. Gibson, 411 F.3d at 451.